# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT ALAN SORENSON,<br><br>Defendant. | Case No. 11-MJ-22<br><br>ORDER FOR PRETRIAL DETENTION |

On the 11th day of February, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Rebecca Goodgame Ebinger. The Defendant appeared personally and was represented by his attorney, John Dennis Jacobsen.

## RELEVANT FACTS

On January 31, 2011, Defendant Scott Alan Sorenson was charged by Criminal Complaint (docket number 2) with failure to register as a sex offender.

Deputy United States Marshal Richard Manning testified regarding the circumstances underlying the instant charge. In February 2000, Defendant was convicted in the Northern District of Iowa with possession of child pornography. As a result, he is required to register as a sex offender. Defendant is currently registered at his parent's address in Decorah, Iowa.

Deputy Manning was contacted by law enforcement, and informed that even though Defendant was registered in Decorah, he was actually living in Minnesota. Deputy Manning interviewed Defendant's parents. Defendant's parents could not verify that Defendant was staying at their residence from December 2010 to January 2011.

Earlier this week, Defendant was arrested at the residence of Adam and Heather Lane in Lanesboro, Minnesota. Heather Lane was interviewed by law enforcement and

1

reported that Defendant had been living at her residence since December 10, 2010. Upon his arrest, Defendant was Mirandized and admitted staying at the Lane residence. Defendant failed to report his move to Minnesota, and is not currently registered as a sex offender in Minnesota.

Adam and Heather Lane were also arrested at the time of Defendant's arrest, on separate drug charges. Defendant was also a target of the drug investigation. Defendant was arrested in the basement of the Lane's residence, and during his arrest, law enforcement saw a methamphetamine lab in a duffle bag in plain sight. A search warrant was obtained, and a second methamphetamine lab was found in the attic of the Lane's residence. Defendant has not yet been charged in Minnesota for any drug-related crimes.

According to the pretrial services report, Defendant is 42 years old. He has spent the majority of his life in Decorah, Iowa. He is single and has never been married, but has one teenage son from a prior relationship. Defendant has been unemployed since 2000.

Defendant suffers from several physical health problems, including degenerative arthritis in his back and knees, lung disease, and polycythemia. He is not currently prescribed or taking any medication for his physical health ailments. Defendant also has multiple mental health issues, including diagnoses for bipolar disorder, psychopathic personality, depressive disorder, anti-social personality traits, passive-aggressive personality disorder, and adjustment disorder. He is not currently being treated or taking any medication for his mental health problems.

Defendant describes himself as "not a big drinker," and states that he has not been intoxicated since the late 1990s. He admits to being a regular user of marijuana, two to three times per week. He last used marijuana two days prior to his arrest. Defendant also states that he has been using methamphetamine daily since about July 2010. His last use was immediately prior to his arrest on the instant charge. Defendant reported occasional cocaine use in the past, but stated he has not used since 2004. Defendant also reported that he used LSD "a couple times a year" from 1988 to 1999.

Defendant has an extensive criminal record. In 1988, Defendant was charged and later convicted of theft in Wisconsin. In 1989, while on probation for the Wisconsin theft charge, Defendant was charged and later convicted of two counts of possession of marijuana in Iowa. In 1990, while on probation in both the Wisconsin theft charge and the possession of marijuana charges, Defendant was charged and later convicted of third degree theft. In that same year, he was also found in violation of probation on the marijuana charges for submitting a urine sample which tested positive for marijuana and failing to comply with rules at a residential facility.

In 1991, between May and August, Defendant was charged and later convicted of second degree burglary in Minnesota, third degree theft in Iowa, unlawful possession of a stolen motor vehicle in Illinois, and grand theft of a motor vehicle in Florida. The charges in Illinois and Florida occurred while the charges in Minnesota and Iowa were pending. At some point in each of the Minnesota, Iowa, and Florida cases, Defendant was found in violation of his probation or his probation was revoked.[1] In October 1991, while the Minnesota, Iowa, and Florida charges were pending, and while on probation in the Illinois charge, Defendant was charged and later convicted of delivery of less than one ounce of marijuana in Iowa.

In April 1992, while on probation in four states, Defendant was charged and later convicted of two counts of delivery of a controlled substance in Iowa. Defendant failed to appear for sentencing on that charge, and an arrest warrant was issued and served. In July 1992, also while on probation in four states, Defendant was charged and later convicted of fourth degree theft. In 1994, while on probation in the Illinois case, Defendant was charged and later convicted of assault.

In January 1995, Defendant was charged and later convicted of second degree theft. In February 1995, Defendant was charged and later convicted of forgery in Texas. In March 1995, while on probation for the Texas charge, Defendant was charged and later

---

[1] In Florida, the arrest warrant for the probation violation remains valid, but the extradition radius for the warrant is the state of Florida only.

convicted of third degree theft in Iowa. Similarly, in May 1995, Defendant was again charged and later convicted of third degree theft. Defendant was sentenced on the January second degree theft charge in June, and given 5 years probation. In March 1996, his probation was modified, and he was placed in the Violators Program. In April 1997, while on probation in the 1995 Texas charge and the two separate 1995 charges in Iowa, Defendant was charged and later convicted in two separate instances of possession of marijuana with the intent to deliver and fifth degree theft. In July 1997, Defendant was sentenced to 5 years in prison on the possession of marijuana with intent to deliver charge. He was paroled on June 9, 1998. His parole was revoked on February 25, 1999. His sentence was discharged on July 24, 1999.

On June 16, 1999, Defendant was charged and later convicted of possession of three or more images of child pornography by computer in the United States District Court for the Northern District of Iowa. On July 24, 1999, Defendant was placed on pretrial release. His pretrial release was revoked on October 5, 1999 for failure to comply with the terms and conditions of his release. On February 12, 2003, after serving his prison sentence, Defendant was placed on 3 years supervised release. On May 14, 2003, his conditions of release were modified to include 4 months in a residential facility.[2] On August 18, 2003, he absconded from the residential facility, and an arrest warrant was issued. The warrant was served on March 30, 2004. On April 2, 2004, Defendant's supervised release was revoked, and he was sentenced to 18 months in prison.

On December 10, 2007, Defendant was charged and later convicted of possession of pseudoephedrine. He was sentenced to 5 years in prison. On April 17, 2008, while on bond release on the possession of pseudoephedrine charge, Defendant was charged and later convicted of possession of pseudoephedrine with intent to manufacture

---

[2] Defendant violated the terms of his release as follows: providing a urine sample that tested positive for amphetamine, methamphetamine, marijuana, and cocaine, lying to probation officers, failing to report to probation for urine tests, missing work, and failing to attend substance abuse treatment.

methamphetamine. He was sentenced to 5 years in prison. He was paroled on February 25, 2010. His sentence was discharged on July 25, 2010.

On August 8, 2010, Defendant was charged with trespass, interference with official acts, and tampering, possessing, or transporting anhydrous ammonia. Trial has been scheduled for March 23, 2011 on the anhydrous ammonia charge. The trespass and interference with official acts charges remain pending. Later in August, while on bond release for the August 8 charges, Defendant was charged and later convicted of possession of a controlled substance, third or subsequent offense. In October 2010, while on bond release and supervised pretrial release on the August charges, Defendant was charged and later convicted of possession of a controlled substance, second offense.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to

"offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with failure to register as a sex offender, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with failure to register as a sex offender. The weight of the evidence against Defendant is strong. As a result of his 2000 conviction for possession of child pornography, Defendant is required to register as a sex offender. He is currently registered in Decorah, Iowa, but was living in Lanesboro, Minnesota, from mid-December 2010 until his arrest earlier this week. Defendant failed to register as a sex offender in Minnesota. Defendant continues to use drugs, including using methamphetamine immediately prior to being arrested on the instant charge. Moreover, when he was arrested, Defendant was found in proximity to a methamphetamine lab. Defendant has a history of repeatedly violating the terms and conditions of pretrial release, supervised release, and probation. Defendant has also repeatedly committed other offenses while on pretrial release, supervised release, and probation. Through his actions, Defendant has shown a total disregard to any terms or conditions placed upon him for purposes of pretrial release, supervised release, and probation. Therefore, the Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 9, 2011) to the filing of this Ruling (February 11, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 11th day of February, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA